IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE FORD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY | : | NO. 08-CV-2018 |

O'NEILL, J. June 8 , 2009

MEMORANDUM

Plaintiff Willie Ford filed a complaint on April 29, 2008 alleging that defendant Southeastern Pennsylvania Transportation Authority (SEPTA) violated 42 U.S.C. § 1981 by terminating his employment because of his race. Defendant filed an answer with affirmative defenses on May 21, 2008. Presently before me is defendant's motion to dismiss, or in the alternative, for summary judgment, plaintiff's response and defendant's reply thereto.

BACKGROUND

Plaintiff worked as a cleaner in defendant's Media, Pennsylvania train yard. Plaintiff's tasks included sweeping, mopping and cleaning the windows in commuter train cars. Plaintiff's regular work shift was 10:30 p.m. to 6:30 a.m. and included a 30-minute lunch and two 15-minute breaks.

Plaintiff's immediate supervisor was George Brooks, the Outlying Point Foreman. On September 12, 2005, Brooks visited the Media train yard and claims he was unable to locate plaintiff. He also asserts that plaintiff's cars were not fully cleaned. Plaintiff asserts that at the time he was on his contractually-mandated, 30-minute lunch break. He also claims that he had

performed his duties in cleaning the cars. Plaintiff received a call at 6:10 a.m. on September 12, 2005 from Brooks informing him that he was being placed on suspension.

On September 13, 2005, plaintiff was discharged for violating General Work Rule 42 "Unauthorized Absence From Assigned Work Area" and Rule 53 "Substandard Job Performance," both of which are dischargeable offenses. On September 19, 2005, plaintiff's union submitted a grievance protesting the discharge. Both parties agree that the grievance was processed according to the steps in the collective bargaining agreement and a hearing was held before SEPTA's Public Law Board. After a June 21, 2006 hearing, the Board concluded that plaintiff's discharge "was fully warranted under [defendant's] just cause standard."

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." Nami v. Fauver, 82 F.3d 63.65 (3d. Cir. 1996) (citations omitted). Typically, "a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right of relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A well-pleaded

complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

DISCUSSION

Plaintiff argues that the decision to terminate his employment was based on his race. He claims that this is a violation of his civil rights under 42 U.S.C. § 1981(c), which prohibits impairment of contracts on the basis of race. Defendant argues that plaintiff's § 1981 claim should be dismissed because there is no private right of action under § 1981 for violations by a state actor like defendant. It argues that 42 U.S.C. § 1983 provides the sole remedy for violations of § 1981 by state actors. Moreover, it argues that I should not permit plaintiff to amend the pleadings to include a § 1983 claim to enforce plaintiff's § 1981 claim because a § 1983 claim would be time-barred by § 1983's two-year statute of limitations.

It is well-established that "§ 1981, while providing extensive rights, does not itself provide a remedy against state actors." McGovern v. City of Phila., 554 F.3d 114, 116 (3d. Cir. 2009), citing Jett v. Dallas Ind. Sch. Dist., 491 U.S. 701, 731 (1989). Instead, the remedy for a violation of § 1981 by a state actor is contained in § 1983. Id. "[B]ecause Congress neither explicitly created a remedy against state actors under § 1981(c), nor expressed its intent to overrule Jett, we hold that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state government units.'" Id. at 120-21, quoting Jett, 491 U.S. at 733.

Plaintiff claims that McGovern does not apply to this case because plaintiff's complaint

was filed prior to the decision in McGovern. Plaintiff asserts that "nothing in the Third Circuit's decision even remotely indicates that McGovern was intended to have retroactive application." However, McGovern did not address retroactive application because consideration of that issue was not required. Retroactivity is only an issue when a decision establishes a "new principle of law, either by overruling clear past precedent on which litigants may have relied . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed . . . ." Chevron Oil Co. v. Huson, 404 U.S. 97, 106 (1971), internal citations omitted. The decision in McGovern did not establish any new principles of law. In 1989, the Supreme Court held that § 1981 did not create a private right of action against state entities. Jett, 491 U.S. at 731. In 2003, the Court of Appeals reaffirmed its belief that Jett's holding on § 1981 was still good law. Oaks v. City of Phila., 59 Fed. Appx. 502, 503 (3d. Cir. 2003).[1] Even without the holding in McGovern, I would have had to dismiss plaintiff's claim based on the continued view that § 1981 does not provide a private right of action because "the amendments to Section 1981 do not supercede Jett and create an independent cause of action." Fortes v. Boyertown Area Sch. Dist., 2006 WL 3043108, at *9 (E.D. Pa. Oct. 20, 2006); see also Gibson v. City of Phila., 2007 WL 1521213, at *2 (E.D. May 23, 2007); Russ-Tobias v. Pa. Bd. of Prob. and Parole, 2006 WL 516771, at *5 (E.D. Pa. Mar. 2, 2006); Foxworth v. Pa. State Police, 2005 WL 840374, at *6 (E.D. Pa. Apr. 11, 2005).

---

[1] Five other Circuit Courts have also held that § 1981(c) created no private right of action against state actors. See e.g., Arendale v. City of Memphis, 519 F.3d 587 (6th Cir. 2008); Bolden v. City of Topeka, 441 F.3d 1129 (10th Cir. 2006); Oden v. Oktibben County, 246 F.3d 458 (5th Cir. 2001); Butts v. County of Volusia, 222 F.3d 891 (11th Cir. 2000); Dennis v. County of Fairfax, 55 F.3d 151 (4th Cir. 1995). Only the Ninth Circuit has held that § 1981(c) creates an implied right of action. See Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204 (9th Cir. 1996).

Federal Rule of Civil Procedure 12(b)(6) allows a judge to dismiss a claim for relief if the party fails to state a claim upon which relief can be granted. The only claim asserted in this case is a § 1981 claim. There is no private right of action against a state actor under § 1981. McGovern, 554 U.S. at 120. The parties do not dispute that defendant is a state actor. 74 Pa.C.S. §§ 1701-85; see also Poli v. SE Pa. Transp. Auth., 1998 WL 405052, at *12 (E.D. Pa. July 7, 1998), finding SEPTA to be a state actor in deciding a § 1981 claim. As plaintiff in this case has failed to state a claim upon which relief can be granted, I will therefore grant defendant's motion to dismiss plaintiff's claim pursuant to § 1981.

In order to have a cause of action for damages, plaintiff would have had to assert his § 1981 claim under § 1983. McGovern, 554 U.S. at 120. However, plaintiff failed to do so in his complaint. Morever, he is time-barred from doing so by the two-year statute of limitations on § 1983 claims. Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d. Cir. 1998). Additionally, even if I were to relate an amended filing under § 1983 back to the filing date of April 29, 2008, the incident in question occurred on September 13, 2005 which places the complaint outside of § 1983's statute of limitations. Thus, it would be futile to allow plaintiff to amend his pleadings.

An appropriate Order follows.